# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:08CV102

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WEST FRONT STREET FOODS, LLC )<br>d/b/a COMPARE FOODS, )<br>)<br>Defendant. ) | CONSENT DECREE |

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Commission's complaint alleged that Defendant West Front Street Foods, LLC d/b/a Compare Foods ("Defendant") discriminated against Robert Bruce by discharging him because of his race, White, and national origin, non-Hispanic. In its Answer, Defendant denied the allegations in the Complaint.

The Commission and Defendant hereby stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court.

The parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation. Defendant's agreement to the terms herein is not to be construed as an admission of liability on the part of the Defendant. Additionally, the Commission does not disavow any of the allegations in the lawsuit.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of the Consent Decree; and (3) this Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 15 below.

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

1. Defendant shall not discriminate against any person on the basis of national origin or race within the meaning of Title VII.

2. Defendant shall pay Robert Bruce the sum of Thirty Thousand ($ 30,000) in settlement of the claims raised in this action. Defendant shall make payment by issuing a check payable to Robert Bruce. Payment shall be made within thirty (30) days after the Court approves this Consent Decree, and Defendant shall mail the check to Robert Bruce at an address provided by the Commission. Within ten (10) days after the check has been sent, Defendant shall mail to Lynette A. Barnes, Regional Attorney, at the Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte N.C., 28202, a copy of the check and proof of its delivery to Mr. Bruce.

3. Within ten (10) days of the entry of this decree by the Court, Defendant shall eliminate from the employment records of Robert Bruce any and all documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of the EEOC Charge 430-2006-01919 and the related events that occurred thereafter. Within fifteen (15) days of the entry of this decree by the Court, Defendant shall report compliance with this provision to the EEOC.

4. Defendant agrees to provide Robert Bruce with a positive letter of reference, a copy of which is attached hereto, marked as Appendix A. In addition, if Defendant receives any

inquiries regarding the employment of Mr. Bruce, in lieu of an oral response, Defendant shall provide a copy of the foregoing letter of reference.

5. Within ninety (90) days of the entry of this decree by the Court, Defendant shall adopt, implement, and distribute a formal, written anti-discrimination policy, which shall include but not be limited to the following: an explanation of the requirements of the federal equal employment opportunity laws, including Title VII and its prohibition against national origin and race discrimination; procedures for reporting discrimination; and a procedure for the thorough and immediate investigation of employee complaints of discrimination. Defendant's policy shall state that it applies to hiring and termination of employees. Defendant shall distribute to each current employee at Defendant's store located at 1314 West Front Street, Statesville, North Carolina, a copy of the policy within the aforementioned 90 day time period. The policy shall be available in English and Spanish. Within one hundred (100) days of the entry of this decree, Defendant shall report compliance to the Commission. During the term of this Decree, Defendant shall distribute the policy to all new employees and review it with them at the time of hire.

6. During the term of this Decree, Defendant shall post a copy of the policy described in paragraph 5, supra, at Defendant's store located at 1314 West Front Street, Statesville, North Carolina, in a place where it is visible to employees. If the policy becomes defaced or unreadable, Defendant shall replace it by posting another copy of the policy. Within one hundred (100) days after the Consent Decree is entered, Defendant shall post the policy and notify the EEOC that it has been posted.

7. During the term of this Decree, Defendant shall provide an annual training program to all of its managers, supervisors and employees. Each training program shall include an explanation of the requirements of Title VII and its prohibition against discrimination in the

workplace. Each training program shall also include an explanation of Defendant's policy referenced in paragraph 5 above, and an explanation of the rights and responsibilities of employees and managers under the policy. Training will be available in English and Spanish.

The first training program shall be completed within one hundred and twenty (120) days after entry of the decree by the Court. Each subsequent training program shall be conducted at approximately one-year intervals. At least fifteen (15) days prior to each program, Defendant shall provide the Commission with an agenda for the training program. Within ten (10) days after completion of each training program, Defendant shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

8. Beginning within thirty (30) days after the entry of this Decree by the Court, and continuing throughout the term of this Decree, Defendant shall conspicuously post at Defendant's store located at 1314 West Front Street, Statesville, North Carolina, the attached Employee Notice, marked Appendix B, hereby made a part of this Decree, in a place where it is visible to employees at its facilities. If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice. Within forty-five (45) days after entry of this Decree, Defendant shall notify the Commission that the Notice has been posted pursuant to this provision.

9. During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Decree. The reports will include the following information:

    A.    the identities of all individuals whose employment with Defendant ended at any time during the reporting period, including by way of identification each individual's full name, race, national origin, social security number, last date of employment, reason employment ended, last known address, and last known telephone number;

In the event there is no activity to report pursuant to this paragraph, Defendant shall send the EEOC a "negative" report indicating no activity.

10. The Commission may review compliance with this Decree. As part of such review, the Commission may inspect Defendant's facilities, interview employees and examine and copy documents. The Commission is not required to provide notice of a review for compliance with the posting provisions in paragraphs 6 and 8. If the Commission intends to conduct a compliance review inspection other than for the review of compliance with the posting provisions in paragraphs 6 and 8, the Commission shall provide the Defendant with 24 hours notice of its intent to conduct a compliance review at Defendant's store located at 1314 West Front Street, Statesville, North Carolina. Such compliance review could include interviewing employees and examining and requesting copies of documents. The Commission's representative shall notify Jenry Peňa, Manager, of the upcoming inspection by sending a facsimile to (704) 872-7572.

11. If anytime during the term of this Decree, the Commission believes that Defendant is in violation of the Decree, the Commission shall give notice of the alleged violation to Defendant. Defendant shall have twenty (20) days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of ten (10) days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

12. The term of this Decree shall be for three (3) years from its entry by the Court.

13. All reports or other documents sent to the Commission by Defendant pursuant to this Decree shall be sent to: Lynette A. Barnes, Regional Attorney, at the Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte N.C., 28202.

14. Each party shall bear its own costs and attorney's fees.

15. This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.

Signed: June 15, 2009

Richard L. Voorhees
United States District Judge

Dated May 19, 2009

1The parties jointly request that the Court approve and enter the Consent Decree:

| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff<br><br>JAMES L. LEE<br>Deputy General Counsel<br><br>GWENDOLYN YOUNG REAMS<br>Associate General Counsel<br>1801 L Street, N.W.<br>Washington, D.C. 20507<br><br>LYNETTE A. BARNES (N.C. Bar No. 19732)<br>Regional Attorney<br>e-mail: lynette.barnes@eeoc.gov<br><br>TINA BURNSIDE (WI Bar No. 1026965)<br>Supervisory Trial Attorney<br>e-mail: tina.burnside@eeoc.gov<br><br>    s/ Mary M. Ryerse<br>MARY M. RYERSE (S.C. Bar No. 68387)<br><br>Trial Attorney<br>EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br>e-mail: mary.ryerse@eeoc.gov<br><br>Charlotte District Office<br>129 W. Trade Street, Suite 400<br>Charlotte, North Carolina 28202<br>Telephone: 704.344.6886<br>Facsimile: 704.344.6780<br><br>**ATTORNEYS FOR PLAINTIFF** | WEST FRONT STREET FOODS, LLC1, Defendant<br><br>    s/ G. Bryan Adams<br>G. BRYAN ADAMS, III, ESQ.<br>VAN HOY, REULINGER, ADAMS & DUNN<br>737 East Boulevard<br>Charlotte, N.C. 28203<br><br>**ATTORNEY FOR DEFENDANT** |

Appendix A

[Defendant West Front Street Foods, LLC d/b/a Compare Foods]

[Date]

TO WHOM IT MAY CONCERN:

We are pleased to provide the following reference on behalf of our former employee, Robert Bruce.

Mr. Bruce was employed by West Front Street Foods, LLC d/b/a Compare Foods as a meat cutter in the meat department from December 19, 2005 to March 4, 2006. His ending salary was $11.50 per hour.

Mr. Bruce was a reliable employee who possesses excellent skills as a butcher. We valued Mr. Bruce's services to our company.

We hope that this information about Mr. Bruce is helpful to you in considering him for employment.

Sincerely,


Jenry Peňa
Manager, Compare Foods

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

1. This Notice is posted pursuant to a settlement between the U.S. Equal Employment Opportunity Commission ("EEOC") and West Front Street Foods, LLC d/b/a Compare Foods ("Compare Foods") in a case alleging discrimination based on national origin and race. EEOC alleged that Compare Foods discriminated against Robert Bruce by discharging him in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). Defendant denied the allegations. The parties have decided to resolve this lawsuit to avoid the burden, expense, and delay of further litigation.

2. Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 or older) or disability. Federal law also prohibits retaliation against employees because they have opposed unlawful employment discrimination,or because they gave testimony or assistance or participated in an employment discrimination investigation, proceeding, or hearing, or otherwise asserted their rights under the laws enforced by the EEOC.

3. Compare Foods will comply with such federal laws in all respects. Furthermore, Compare Foods will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law or given testimony, assistance or participation in any investigation, proceeding or hearing conducted by the U.S. Equal Employment Opportunity Commission.

An employee has the right to report allegations of employment discrimination in the workplace. An employee may contact their local U. S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, contact:

Equal Employment Opportunity Commission
131 M Street, NE
Washington, DC 20507
TEL: 1-800-669-4000
TTY: 1-800-669-6820
website: www.eeoc.gov

This Notice will remain posted for at least three (3) years by agreement with the U.S. Equal Employment Opportunity Commission.

DO NOT REMOVE THIS NOTICE UNTIL:_____, 2012.